

**DEPARTMENT OF HEALTH AND HUMAN SERVICES**
PROVIDER REIMBURSEMENT REVIEW BOARD
2520 Lord Baltimore Drive, Suite L
Baltimore MD 21244-2670
Phone: 410-786-2671         FAX: 410-786-5298

Suzanne Cochran, Esq., Chairperson
Gary B. Blodgett, D.D.S.
Elaine Crews Powell, CPA
Anjali Mulchandani-West

1789-081

Refer to:
00-3588G
CERTIFIED MAIL

**FILE COPY**

JAN - 4 2006

Sanford E. Pitler, Esq.
Bennett, Bigelow and Leedom, PS
1700 Seventh Avenue
Suite 1700
Seattle, WA 98101-1397

RE: Baptist Memorial 94-96 § 1115 Waiver Days Grp
    Provider Nos. various
    FYE 1994-1996
    PRRB Case No. 00-3588G

Dear Mr. Pitler:

This is in response to the Providers' request that the Provider Reimbursement Review Board (Board), pursuant to 42 U.S.C. § 1395oo(f)(1), determine that it is without the authority to decide the question of whether the regulation, 42 C.F.R. § 412.106(b)(4)(ii), which excludes section 1115 expansion waiver days from the calculation of the disproportionate share (DSH) adjustment prior to January 20, 2000, is valid. The Providers are seeking to have section 1115 expansion waiver days included in the DSH calculation for period priors to January 20, 2000.

The Providers believe that this regulation conflicts with 42 U.S.C. § 1395ww(d)(5)(F)(vi)(I) and (II), ( the DSH calculation) which provides for two proxies as measures of the volume of low-income patients served by a hospital:

> (1) the percentage of the total Medicare inpatient days provided to low income Medicare patients (i.e., those patients entitled to supplemental security income under Title XVI of the Social Security Act); and
>
> (2) the percentage of total hospital days provided to "patients who (for such days) were eligible for medical assistance under a State plan approved under [the Medicaid program]."

The Providers believe that the regulation, 42 C.F.R. § 412.106(b)(4)(ii) is inconsistent with the statutory language of §1395ww(d)(5)(F)(vi)(II). Section 1395oo(f)(1) permits providers that have requested and are entitled to a hearing before the Board under 42 U.S.C. § 1395oo(a), to bypass the Board's hearing procedure and obtain judicial review of an issue involving a question of law or regulation where the Board determines that it is without the authority to decide such question.

The Board has reviewed the submissions of the Providers pertaining to the requests for hearing and expedited judicial review. The documentation shows that the estimated amount in controversy for the appeal exceeds $50,000, as required for a group appeal. The estimated amount in controversy is subject to recalculation by the Intermediary for the actual final amount.

The Board finds that:

1) it has jurisdiction over the matter for the subject year and the Providers are entitled to a hearing before the Board;

2) based upon the Providers' assertions regarding the section 1115 waiver issue, there are no findings of fact for resolution by the Board;

3) it is bound by the applicable existing Medicare law and regulation (42 C.F.R. § 405.1867); and

4) it is without the authority to decide the legal question of whether the regulation, 42 C.F.R. § 412.106(b)(4)(ii), which excludes section 1115 expansion waiver days from the calculation of the disproportionate share adjustment prior to January 20, 2000, is valid.

Accordingly, the Board finds that the section 1115 waiver issue properly falls within the provisions of 42 U.S.C. § 1395oo (f)(1) and hereby grants the Providers' request for expedited judicial review for the issue and the subject years. The Providers have 60 days from the receipt of this decision to institute the appropriate action for judicial review. Since this is the only issue under dispute, the Board hereby closes the case.

<u>Board Members Participating</u>

    Suzanne Cochran, Esq.
    Gary B. Blodgett, DDS
    Elaine C. Powell, CPA

                               FOR THE BOARD:

                               Suzanne Cochran, Esq.
                               Chairman

Enclosures: 42 U.S.C. § 1395oo (f)(1), Schedule of Providers

cc: Mike Shaver, Riverbend GBA (TN) (w/Schedule of Providers)
    Wilson Leong, BCBSA (w/Schedule of Providers)

# BMH FYs 94-96 SECTION 1115 WAIVER DAYS GROUP APPEAL, CASE NO. 00-3588G
## SCHEDULE OF PROVIDERS ON APPEAL (SCHEDULE A)

Date Prepared: December 9, 2005

| | Provider Number | Provider Name (City, County, State) | Cost Report Period | Fiscal Intermediary | A Date of NPR | B Date of Hearing Request | C Number of Days | D Audit Adj. No. | E Approx. Recovery Amt. | F Orig. Case No. | G Date of Add/Transfer |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1. | 44-0048 | Baptist Memorial Hospital Memphis--East Medical Center (Memphis, Shelby County, Tennessee) | 9/30/94 | Riverbend Government Benefits Administrator | 9/23/97 | 3/19/98 | 177 | 49 | $841,669 | 98-1942 | 7/28/00 |
| 2. | 44-0048 | Baptist Memorial Hospital Memphis--East Medical Center (Memphis, Shelby County, Tennessee) | 9/30/95 | Riverbend Government Benefits Administrator | 2/24/05 | 08/19/05 (1) | (1) | R2-003, R2-004 | $1,890,235 | 03-0132 | 9/9/05 |
| 3. | 44-0048 | Baptist Memorial Hospital Memphis--East Medical Center (Memphis, Shelby County, Tennessee) | 9/30/96 | Riverbend Government Benefits Administrator | 9/29/99 | 3/22/00 | 175 | 8, 82 | $1,467,046 | 00-2568 | 6/29/01 12/8/05 |
| 4. | 44-0131 | Baptist Memorial Hospital-Tipton (Covington, Tipton County, Tennessee) | 9/30/95 | Riverbend Government Benefits Administrator | 9/16/98 | 3/10/99 | 175 | 1, 24 | $117,565 | 99-2108 | 7/28/00 |
| 5. | 44-0131 | Baptist Memorial Hospital-Tipton (Covington, Tipton County, Tennessee) | 9/30/96 | Riverbend Government Benefits Administrator | 5/28/99 | 11/18/99 | 174 | 27 | $498,949 | 00-0438 | 7/28/00 |

| | | | | | | |
|---|---|---|---|---|---|---|
| 6. | 44-0130 | Baptist Memorial Hospital–Union City *(Union City, Obion County, Tennessee)* | 9/30/96 | Riverbend Government Benefits Administrator | 9/17/99 | 11/19/99 | 63 | N/A (2) | $38,559 | 00-0542 | 7/28/00 |
| 7. | 25-0141 | Baptist Memorial Hospital–DeSoto *(Southaven, DeSoto County, Mississippi)* | 9/30/96 | Riverbend Government Benefits Administrator | 9/29/99 | 3/23/00 | 176 | 4 | $58,373 | 00-2448 | 11/08/05 |

(1) On August 19, 2005, the Provider requested a Hearing on the basis of the Revised Notice of Program Reimbursement, dated February 24, 2005, which adjusted the issue addressed in this group appeal. Per the Intermediary's request, the Board added the issues appealed in the August 19, 2005 Request for Hearing to the Provider's existing appeal, PRRB Case No. 03-0132.

(2) Because the decision in *Bethesda Hospital Association et. al. v. Bowen*, 108 S.Ct. 1255 (1988) applies to this challenge, the legality of the Secretary's regulation as statutory interpretation, the hospital fiscal years without audit adjustments do not require audit adjustment reports.



**DEPARTMENT OF HEALTH AND HUMAN SERVICES**
**PROVIDER REIMBURSEMENT REVIEW BOARD**
2520 Lord Baltimore Drive, Suite L
Baltimore MD 21244-2670
Phone: 410-786-2671          FAX: 410-786-5298

Suzanne Cochran, Esq., Chairperson
Gary B. Blodgett, D.D.S.
Elaine Crews Powell, CPA
Anjali Mulchandani-West

Refer to:

05-0545G

CERTIFIED MAIL

**FILE COPY**
JAN - 4 2006

1789-086

Sanford E. Pitler, Esq.
Bennett, Bigelow and Leedom, PS
1700 Seventh Avenue
Suite 1700
Seattle, WA 98101-1397

TIME _____ COPY RECEIVED
_____ BY _____
JAN - 9 2006
BENNETT, BIGELOW
& LEEDOM

RE: Baptist Memorial 97-98 § 1115 Waiver Days Grp
Provider Nos. various
FYE 1997-1998
PRRB Case No. 05-0545G

Dear Mr. Pitler:

This is in response to the Providers' request that the Provider Reimbursement Review Board (Board), pursuant to 42 U.S.C. § 1395oo(f)(1), determine that it is without the authority to decide the question of whether the regulation, 42 C.F.R. § 412.106(b)(4)(ii), which excludes section 1115 expansion waiver days from the calculation of the disproportionate share (DSH) adjustment prior to January 20, 2000, is valid. The Providers are seeking to have section 1115 expansion waiver days included in the DSH calculation for periods prior to January 20, 2000.

The Providers believe that this regulation conflicts with 42 U.S.C. § 1395ww(d)(5)(F)(vi)(I) and (II), ( the DSH calculation) which provides for two proxies as measures of the volume of low-income patients served by a hospital:

> (1) the percentage of the total Medicare inpatient days provided to low income Medicare patients (i.e., those patients entitled to supplemental security income under Title XVI of the Social Security Act); and

> (2) the percentage of total hospital days provided to "patients who (for such days) were eligible for medical assistance under a State plan approved under [the Medicaid program]."

The Providers believe that the regulation, 42 C.F.R. § 412.106(b)(4)(ii) is inconsistent with the statutory language of §1395ww(d)(5)(F)(vi)(II). Section 1395oo(f)(1) permits providers that have requested and are entitled to a hearing before the Board under 42 U.S.C. § 1395oo(a), to bypass the Board's hearing procedure and obtain judicial review of an issue involving a question of law or regulation where the Board determines that it is without the authority to decide such question.

Provider Reimbursement Review Board
Page 2 Sanford E. Pitler

CN 05-0545G

The Board has reviewed the submissions of the Providers pertaining to the requests for hearing and expedited judicial review. The documentation shows that the estimated amount in controversy for the appeal exceeds $50,000, as required for a group appeal. The estimated amount in controversy is subject to recalculation by the Intermediary for the actual final amount.

The Board finds that:

1) it has jurisdiction over the matter for the subject year and the Providers are entitled to a hearing before the Board;

2) based upon the Providers' assertions regarding the section 1115 waiver issue, there are no findings of fact for resolution by the Board;

3) it is bound by the applicable existing Medicare law and regulation (42 C.F.R. § 405.1867); and

4) it is without the authority to decide the legal question of whether the regulation, 42 C.F.R. § 412.106(b)(4)(ii), which excludes section 1115 expansion waiver days from the calculation of the disproportionate share adjustment prior to January 20, 2000, is valid.

Accordingly, the Board finds that the section 1115 waiver issue properly falls within the provisions of 42 U.S.C. § 1395oo (f)(1) and hereby grants the Providers' request for expedited judicial review for the issue and the subject years. The Providers have 60 days from the receipt of this decision to institute the appropriate action for judicial review. Since this is the only issue under dispute, the Board hereby closes the case.

Board Members Participating

Suzanne Cochran, Esq.
Gary B. Blodgett, DDS
Elaine C. Powell, CPA

FOR THE BOARD:

Suzanne Cochran, Esq.
Chairman

Enclosures: 42 U.S.C. § 1395oo (f)(1), Schedule of Providers

cc: Mike Shaver, Riverbend GBA (TN) (w/Schedule of Providers)
    Wilson Leong, BCBSA (w/Schedule of Providers)

## BMH FYs 97-98 SECTION 1115 WAIVER DAYS GROUP APPEAL, CASE NO. 05-0545G

### SCHEDULE OF PROVIDERS ON APPEAL (SCHEDULE A)

Date Prepared: December 9, 2005

| | Provider Number | Provider Name *(City, County, State)* | Cost Report Period | Fiscal Intermediary | A Date of NPR | B Date of Hearing Request | C Number of Days | D Audit Adj. No. | E Approx. Recovery Amt. | F Orig. Case No. | G Date of Add/Transfer |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1. | 44-0048 | Baptist Memorial Hospital Memphis--East Medical Center *(Memphis, Shelby County, Tennessee)* | 9/30/97 | Riverbend Government Benefits Administrator | 9/19/00 | 3/19/01 | 181 (1) | 13, 69 | $1,473,383 | 01-2410 | 9/21/04 1/13/05 |
| 2. | 44-0048 | Baptist Memorial Hospital Memphis--East Medical Center *(Memphis, Shelby County, Tennessee)* | 9/30/98 | Riverbend Government Benefits Administrator | 9/27/01 | 3/26/02 | 180 | 10 | $1,966,877 | 02-1656 | 1/13/05 |
| 3. | 44-0131 | Baptist Memorial Hospital—Tipton *(Covington, Tipton County, Tennessee)* | 9/30/97 | Riverbend Government Benefits Administrator | 9/26/00 | 3/26/01 | 181 (1) | 4, 48 | $168,938 | 01-2728 | 1/11/05 1/13/05 |
| 4. | 25-0141 | Baptist Memorial Hospital–DeSoto *(Southaven, DeSoto County, Mississippi)* | 9/30/97 | Riverbend Government Benefits Administrator | 8/23/00 | 2/19/01 | 180 | 2 | $57,677 | 01-1413 | 11/8/05 |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 5. | 44-0130 | Baptist Memorial Hospital-- Union City (Union City, Obion County, Tennessee) | 9/30/98 | Riverbend Government Benefits Administrator | 9/28/01 | 3/26/02 | 179 | N/A (2) | $256,319 | 02-1655 | 11/8/05 |

(1) Per the Provider Reimbursement Review Board Instructions, Part I, Section B.I.a.2. (page 4), Requests for Hearings must be mailed within 180 days after receipt of the final determination; and Part I, Section B.I.c. (page 5) states that the Board presumes the notice of final determination has been received within five (5) days of its issuance

(2) Because the decision in *Bethesda Hospital Association et. al. v. Bowen*, 108 S.Ct. 1255 (1988) applies to this challenge, the legality of the Secretary's regulation as statutory interpretation, the hospital fiscal years without audit adjustments do not require audit adjustment reports.

ATTACHMENT B

w:\wdclient\1789\00086\mm529776.doc



**DEPARTMENT OF HEALTH AND HUMAN SERVICES**
PROVIDER REIMBURSEMENT REVIEW BOARD
2520 Lord Baltimore Drive, Suite L
Baltimore MD 21244-2670
Phone: 410-786-2671     FAX: 410-786-5298

Suzanne Cochran, Esq., Chairperson
Gary B. Blodgett, D.D.S.
Elaine Crews Powell, CPA
Anjali Mulchandani-West

1789-087

Refer to:
05-0544G

CERTIFIED MAIL

**FILE COPY**   JAN - 4 2006

Sanford E. Pitler, Esq.
Bennett, Bigelow and Leedom, PS
1700 Seventh Avenue
Suite 1700
Seattle, WA 98101-1397

RE: Baptist Memorial 1999 § 1115 Waiver Days Group
Provider Nos. various
FYE 1999
PRRB Case No. 05-0544G

Dear Mr. Pitler:

This is in response to the Providers' request that the Provider Reimbursement Review Board (Board), pursuant to 42 U.S.C. § 1395oo(f)(1), determine that it is without the authority to decide the question of whether the regulation, 42 C.F.R. § 412.106(b)(4)(ii), which excludes section 1115 expansion waiver days from the calculation of the disproportionate share (DSH) adjustment prior to January 20, 2000, is valid. The Providers are seeking to have section 1115 expansion waiver days included in the DSH calculation for periods prior to January 20, 2000.

The Providers believe that this regulation conflicts with 42 U.S.C. § 1395ww(d)(5)(F)(vi)(I) and (II), ( the DSH calculation) which provides for two proxies as measures of the volume of low-income patients served by a hospital:

> (1) the percentage of the total Medicare inpatient days provided to low income Medicare patients (i.e., those patients entitled to supplemental security income under Title XVI of the Social Security Act); and

> (2) the percentage of total hospital days provided to "patients who (for such days) were eligible for medical assistance under a State plan approved under [the Medicaid program]."

The Providers believe that the regulation, 42 C.F.R. § 412.106(b)(4)(ii), is inconsistent with the statutory language of §1395ww(d)(5)(F)(vi)(II). Section 1395oo(f)(1) permits providers that have requested and are entitled to a hearing before the Board under 42 U.S.C. § 1395oo(a), to bypass the Board's hearing procedure and obtain judicial review of an issue involving a question of law or regulation where the Board determines that it is without the authority to decide such question.

Provider Reimbursement Review Board
Page 2 Sanford E. Pitler

CN 05-0544G

The Board has reviewed the submissions of the Providers pertaining to the requests for hearing and expedited judicial review. The documentation shows that the estimated amount in controversy for the appeal exceeds $50,000, as required for a group appeal. The estimated amount in controversy is subject to recalculation by the Intermediary for the actual final amount.

The Board finds that:

1) it has jurisdiction over the matter for the subject year and the Providers are entitled to a hearing before the Board;

2) based upon the Providers' assertions regarding the section 1115 waiver issue, there are no findings of fact for resolution by the Board;

3) it is bound by the applicable existing Medicare law and regulation (42 C.F.R. § 405.1867); and

4) it is without the authority to decide the legal question of whether the regulation, 42 C.F.R. § 412.106(b)(4)(ii), which excludes section 1115 expansion waiver days from the calculation of the disproportionate share adjustment prior to January 20, 2000, is valid.

Accordingly, the Board finds that the section 1115 waiver issue properly falls within the provisions of 42 U.S.C. § 1395oo (f)(1) and hereby grants the Providers' request for expedited judicial review for the issue and the subject year. The Providers have 60 days from the receipt of this decision to institute the appropriate action for judicial review. Since this is the only issue under dispute, the Board hereby closes the case.

Board Members Participating

    Suzanne Cochran, Esq.
    Gary B. Blodgett, DDS
    Elaine C. Powell, CPA

FOR THE BOARD:

Suzanne Cochran, Esq.
Chairman

Enclosures: 42 U.S.C. § 1395oo (f)(1), Schedule of Providers

cc: Mike Shaver, Riverbend GBA (TN) (w/Schedule of Providers)
    Wilson Leong, BCBSA (w/Schedule of Providers)

**BMH FY 99 SECTION 1115 WAIVER DAYS GROUP APPEAL, CASE NO. 05-0544G**

**SCHEDULE OF PROVIDERS ON APPEAL (SCHEDULE A)**

*Date Prepared: December 9, 2005*

| | Provider Number | Provider Name (City, County, State) | Cost Report Period | Fiscal Intermediary | A Date of NPR | B Date of Hearing Request | C Number of Days | D Audit Adj. No. | E Approx. Recovery Amt. | F Orig. Case No. | G Date of Add/Transfer |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1. | 44-0048 | Baptist Memorial Hospital Memphis--East Medical Center (Memphis, Shelby County, Tennessee) | 9/30/99 | Riverbend Government Benefits Administrator | 9/24/02 | 3/24/03 | 181 (1) | 65 | $2,166,147 | 03-0948 | 1/13/05 (2) |
| 2. | 44-0131 | Baptist Memorial Hospital—Tipton (Covington, Tipton County, Tennessee) | 9/30/99 | Riverbend Government Benefits Administrator | 9/30/02 | 3/31/03 | 182 (1) | 27 | $279,900 | 03-1186 | 1/13/05 (3) |

(1) Per the Provider Reimbursement Review Board Instructions, Part I, Section B.I.a.2. (page 4), Requests for Hearings must be mailed within 180 days after receipt of the final determination; and Part I, Section B.I.c. (page 5) states that the Board presumes the notice of final determination has been received within five (5) days of its issuance

(2) This individual appeal is still pending before the Board.

(3) The individual appeal for this Provider was pending before the Board at the time the group appeal was established. The Provider closed the individual appeal on August 30, 2005, following administrative resolution with the Intermediary.



**DEPARTMENT OF HEALTH AND HUMAN SERVICES**
**PROVIDER REIMBURSEMENT REVIEW BOARD**
2520 Lord Baltimore Drive, Suite L
Baltimore MD 21244-2670
Phone: 410-786-2671  FAX: 410-786-5298

Suzanne Cochran, Esq., Chairperson
Gary B. Blodgett, D.D.S.
Elaine Crews Powell, CPA
Anjali Mulchandani-West

1789-104

Refer to:
06-0220G
CERTIFIED MAIL

JAN - 4 2006

Sanford E. Pitler, Esq.
Bennett, Bigelow and Leedom, PS
1700 Seventh Avenue
Suite 1700
Seattle, WA 98101-1397

FILE COPY

RE: Baptist Memorial 2000 § 1115 Waiver Days Grp
Provider Nos. various
FYE 2000
PRRB Case No. 06-0220G

Dear Mr. Pitler:

This is in response to the Providers' request that the Provider Reimbursement Review Board (Board), pursuant to 42 U.S.C. § 1395oo(f)(1), determine that it is without the authority to decide the question of whether the regulation, 42 C.F.R. § 412.106(b)(4)(ii), which excludes section 1115 expansion waiver days from the calculation of the disproportionate share (DSH) adjustment prior to January 20, 2000, is valid. The Providers are seeking to have section 1115 expansion waiver days included in the DSH calculation for period priors to January 20, 2000.

The Providers believe that this regulation conflicts with 42 U.S.C. § 1395ww(d)(5)(F)(vi)(I) and (II), ( the DSH calculation) which provides for two proxies as measures of the volume of low-income patients served by a hospital:

> (1) the percentage of the total Medicare inpatient days provided to low income Medicare patients (i.e., those patients entitled to supplemental security income under Title XVI of the Social Security Act); and

> (2) the percentage of total hospital days provided to "patients who (for such days) were eligible for medical assistance under a State plan approved under [the Medicaid program]."

The Providers believe that the regulation, 42 C.F.R. § 412.106(b)(4)(ii) is inconsistent with the statutory language of §1395ww(d)(5)(F)(vi)(II). Section 1395oo(f)(1) permits providers that have requested and are entitled to a hearing before the Board under 42 U.S.C. § 1395oo(a), to bypass the Board's hearing procedure and obtain judicial review of an issue involving a question of law or regulation where the Board determines that it is without the authority to decide such question.

The Board has reviewed the submissions of the Providers pertaining to the requests for hearing and expedited judicial review. The documentation shows that the estimated amount in controversy for the appeal exceeds $50,000, as required for a group appeal. The estimated amount in controversy is subject to recalculation by the Intermediary for the actual final amount.

The Board finds that:

1) it has jurisdiction over the matter for the subject year and the Providers are entitled to a hearing before the Board;

2) based upon the Providers' assertions regarding the section 1115 waiver issue, there are no findings of fact for resolution by the Board;

3) it is bound by the applicable existing Medicare law and regulation (42 C.F.R. § 405.1867); and

4) it is without the authority to decide the legal question of whether the regulation, 42 C.F.R. § 412.106(b)(4)(ii), which excludes section 1115 expansion waiver days from the calculation of the disproportionate share adjustment prior to January 20, 2000, is valid.

Accordingly, the Board finds that the section 1115 waiver issue properly falls within the provisions of 42 U.S.C. § 1395oo (f)(1) and hereby grants the Providers' request for expedited judicial review for the issue and the subject year. The Providers have 60 days from the receipt of this decision to institute the appropriate action for judicial review. Since this is the only issue under dispute, the Board hereby closes the case.

Board Members Participating

Suzanne Cochran, Esq.
Gary B. Blodgett, DDS
Elaine C. Powell, CPA

FOR THE BOARD:

Suzanne Cochran, Esq.
Chairman

Enclosures: 42 U.S.C. § 1395oo (f)(1), Schedule of Providers

cc: Mike Shaver, Riverbend GBA (TN) (w/Schedule of Providers)
    Wilson Leong, BCBSA (w/Schedule of Providers)

# BMH FY 2000 SECTION 1115 WAIVER DAYS GROUP APPEAL, CASE NO. 06-0220G

## SCHEDULE OF PROVIDERS ON APPEAL (SCHEDULE A)

Date Prepared: December 9, 2005

| | Provider Number | Provider Name (City, County, State) | Cost Report Period | Fiscal Intermediary | A Date of NPR | B Date of Hearing Request | C Number of Days | D Audit Adj. No. | E Approx. Recovery Amt. | F Orig. Case No. | G Date of Add/Transf |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1. | 44-0048 | Baptist Memorial Hospital Memphis--East Medical Center (Memphis, Shelby County, Tennessee) | 9/30/00 | Riverbend Government Benefits Administrator | 9/30/03 | 3/29/04 | 181 (1) | 95 | $1,046,741 | 04-1550 | 11/9/05 |
| 2. | 44-0131 | Baptist Memorial Hospital—Tipton (Covington, Tipton County, Tennessee) | 9/30/00 | Riverbend Government Benefits Administrator | 8/28/03 | 2/23/04 | 179 | 21 | $83,292 | 04-0774 | 6/14/04 11/9/05 |

(1) Per the Provider Reimbursement Review Board Instructions, Part I, Section B.I.a.2. (page 4), Requests for Hearings must be mailed within 180 days after receipt of the final determination; and Part I, Section B.I.c. (page 5) states that the Board presumes the notice of final determination has been received within five (5) days of its issuance

ATTACHMENT B

w:\wdclient\1789\00000\mm529907.doc