IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BAPTIST MEMORIAL HOSPITAL, INC., et al. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 1:06CV00437 (JR) |
| ) | |
| MICHAEL O. LEAVITT, ) | |
| Secretary, United States Department of ) | |
| Health and Human Services, ) | |
| ) | |
| Defendant. ) | |
| ————————————————————————) | |

## ANSWER

Defendant, Michael O. Leavitt, Secretary of the United States Department of Health and Human Services, by and through his undersigned counsel, answers Plaintiffs' Complaint as follows:

## FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

Answering specifically each paragraph of the Complaint, and using the same numbering contained in the Complaint, Defendant pleads as follows:

1. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence, except to admit that Plaintiffs are hospitals that participate in the Medicare program. The second, third, and fourth sentences contain conclusions of law, Plaintiffs' characterizations of this action, and Plaintiffs' characterizations of the Medicare statute and federal regulations, not allegations of fact, and thus no response is required; to the

extent a response is deemed necessary, denies.  Denies the fifth and sixth sentences.

2.  Denies, except to admit that this action arises under Title XVIII of the Social Security Act, 42 U.S.C. §§ 1395 et seq. ("the Medicare statute").

3.  This paragraph sets forth Plaintiffs' legal conclusions to which no response is deemed to be required.

4.  Admits.

5.  This paragraph contains conclusions of law, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies, except to admit that Plaintiffs are hospitals located in the state of Tennessee.

6-10.  Admits.

11.  Admits.

12.  Admits the first sentence.  The second sentence of this paragraph contains Plaintiffs' characterizations of 42 U.S.C. § 1395f(b), not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies, except to admit the existence of the cited statutory provision, to which the Court is referred for a full and accurate statement of its contents.  The third sentence of this paragraph contains Plaintiffs' characterizations of 42 U.S.C. § 1395ww(d), not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies, except to admit the existence of the cited statutory provision, to which the Court is referred for a full and accurate statement of its contents.  Denies the fourth sentence, except to admit that generally, under PPS, hospitals are paid predetermined amounts for each of approximately 490 diagnosis-related groups, subject to certain payment adjustments.

13.  Admits.

14. This paragraph contains conclusions of law and Plaintiffs' characterizations of 42 C.F.R. §§ 413.20(b), 413.24(f), and 405.1803, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies, except to admit the existence of the cited regulations, to which Court is referred for a full and accurate statement of their contents.

15. The first sentence of this paragraph contains conclusions of law, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies, except to admit the existence of the cited statutory provision, 42 U.S.C. § 1395oo(a), to which the Court is referred for a full and accurate statement of its contents. The second sentence of this paragraph contains conclusions of law, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies, except to admit the existence of the cited regulation, 42 C.F.R. § 405.1837, to which the Court is referred for a full and accurate statement of its contents. Denies the third sentence except to admit that group appeals may be referred to as common-issue/related-party or "CIRP" appeals.

16. The first sentence of this paragraph contains conclusions of law and Plaintiffs' characterizations of 42 U.S.C. § 1395oo(f)(1), not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies, except to admit the existence of the cited statutory provision, to which the Court is referred for a full and accurate statement of its contents. Admits the second sentence.

17-19. These paragraphs contains conclusions of law, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies, except to admit the existence of the cited statutory provision, 42 U.S.C. § 1395oo(f)(1), to which the Court is referred for a full and accurate statement of its contents.

3

20.  This paragraph contains Plaintiffs' characterizations of Title XIX of the Social Security Act, not allegations of fact, and thus no response is required.

21.  The first sentence of this paragraph contains conclusions of law and Plaintiffs' characterizations of 42 U.S.C. § 1396d, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies, except to admit the existence of the cited statutory provision, to which the Court is referred for a full and accurate statement of its contents. The second sentence of this paragraph contains conclusions of law and Plaintiffs' characterizations of 42 U.S.C. §§ 1396a(a)(10)(A) and 1396d(a)(1), not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies, except to admit the existence of the cited statutory provisions, to which the Court is referred for a full and accurate statement of their contents.

22.  This paragraph contains conclusions of law and Plaintiffs' characterizations of 42 U.S.C. § 1396a(a)(13)(A), not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies, except to admit the existence of the cited statutory provision, to which the Court is referred for a full and accurate statement of its contents.

23.  The first sentence of this paragraph contains conclusions of law and Plaintiffs' characterizations of 42 U.S.C. § 1396, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies, except to admit the existence of the cited statutory provision, to which the Court is referred for a full and accurate statement of its contents. The second sentence of this paragraph contains conclusions of law and Plaintiffs' characterizations of 42 U.S.C. § 1396a, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies, except to admit the existence of the cited

4

statutory provision, to which the Court is referred for a full and accurate statement of its contents.

24.  Admits that the State of Tennessee had a State plan approved by the Secretary under Title XIX of the Social Security Act during the time period at issue in this case.  The remainder of this paragraph contains conclusions of law, not allegations of fact, and thus no response is required.

25.  This paragraph contains conclusions of law and Plaintiffs' characterizations of 42 U.S.C. § 1315 and 42 U.S.C. § 1396a, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies, except to admit the existence of the cited statutory provisions, to which the Court is referred for a full and accurate statement of their contents.

26.  This paragraph contains conclusions of law and Plaintiffs' characterizations of 42 U.S.C. § 1315, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies, except to admit the existence of section 1115 of the Social Security Act, 42 U.S.C. § 1315, to which the Court is referred for a full and accurate statement of its contents.

27.  This paragraph contains conclusions of law and Plaintiffs' characterizations of 42 U.S.C. § 1315 and 42 U.S.C. § 1396a, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies, except to admit the existence of the cited statutory provisions, to which the Court is referred for a full and accurate statement of their contents.

28.  This paragraph contains conclusions of law and Plaintiffs' characterizations of 65 Fed. Reg. 3136 (Jan. 20, 2000), not allegations of fact, and thus no response is required; to the

extent a response is deemed necessary, denies, except to admit the existence of the cited Federal Register document, to which the Court is referred for a full and accurate statement of its contents.

29.  Admits that the State of Tennessee had a section 1115 waiver in place from January 1, 1994 through January 20, 2000.  The remainder of this paragraph contains Plaintiffs' legal conclusions to which no response is deemed to be required.

30.  The first sentence of this paragraph contains conclusions of law and Plaintiffs' characterizations of the Social Security Amendments of 1983, Pub. L. No. 98-21, § 601(e), codified at 42 U.S.C. § 1395ww(d)(5)(C)(i), not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies, except to admit the existence of the cited statutory provisions, to which the Court is referred for a full and accurate statement of their contents.  The second sentence of this paragraph contains Plaintiffs' characterizations of 48 Fed. Reg. 39,783 (1983), not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies, except to admit the existence of the cited Federal Register document, to which the Court is referred for a full and accurate statement of its contents.

31.  The first sentence of this paragraph contains conclusions of law and Plaintiffs' characterizations of the Deficit Reduction Act of 1984, Pub. L. No. 98-369, § 2315, codified at 42 U.S.C. § 1395ww, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies, except to admit the existence of the cited statutory provisions, to which the Court is referred for a full and accurate statement of their contents.  The second sentence of this paragraph contains conclusions of law and Plaintiffs' characterization of Samaritan Health Ctr. v. Heckler, 636 F. Supp. 503 (D.D.C. 1985), not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies.  The third

6

sentence of this paragraph contains conclusions of law and Plaintiffs' characterizations of 50

Fed. Reg. 53,398-53,400 (1985), not allegations of fact, and thus no response is required; to the

extent a response is deemed necessary, denies, except to admit the existence of the cited Federal

Register document, to which the Court is referred for a full and accurate statement of its contents.

32.  The first sentence of this paragraph contains conclusions of law and Plaintiffs'

characterizations of 42 U.S.C. § 1395ww(d)(5)(F)(i)(I), not allegations of fact, and thus no

response is required; to the extent a response is deemed necessary, denies, except to admit the

existence of the cited statutory provision, to which the Court is referred for a full and accurate

statement of its contents.  The second sentence of this paragraph contains conclusions of law and

Plaintiffs' characterizations of 42 U.S.C. §§ 1395ww(d)(5)(F)(v) and (vii), not allegations of fact,

and thus no response is required; to the extent a response is deemed necessary, denies, except to

admit the existence of the cited statutory provisions, to which the Court is referred for a full and

accurate statement of their contents.  The third sentence of this paragraph contains Plaintiffs'

characterizations of 42 U.S.C. § 1395ww(d)(5)(F)(vi), not allegations of fact, and thus no

response is required; to the extent a response is deemed necessary, denies, except to admit the

existence of the cited statutory provision, to which the Court is referred for a full and accurate

statement of its contents.

33.  Denies, except to admit that a larger number of patient days in the numerator of the

Medicaid fraction of the Medicare DSH calculation may result in a larger Medicare DSH

adjustment.

34.  This paragraph contains Plaintiffs' characterizations of 42 C.F.R. § 412.106, 52 Fed.

Reg. 16,772, 16,777 (May 6, 1986), and 51 Fed. Reg. 31,454, 31,460 (Sept. 3, 1986), not

allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies, except to admit the existence of the cited regulation and Federal Register documents, to which the Court is referred for a full and accurate statement of their contents.

35.   Denies the first sentence, except to admit that the Secretary's policy prior to January 20, 2000 was to not include section 1115 expansion population days in the numerator of the Medicaid fraction of the Medicare DSH calculation.   The second sentence contains Plaintiffs' characterizations of  65 Fed. Reg. 3136 (Jan. 20, 2000), not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies, except to admit the existence of the cited Federal Register document, to which the Court is referred for a full and accurate statement of its contents.

36.   The first sentence of this paragraph contains conclusions of law and Plaintiffs' characterizations of 65 Fed. Reg. 3136 (Jan. 20, 2000) and 65 Fed. Reg. 47,065 (Aug. 1, 2000), not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies, except to admit the existence of the cited Federal Register documents, to which the Court is referred for a full and accurate statement of their contents.   The second sentence of this paragraph contains Plaintiffs' characterizations of 42 C.F.R. § 412.106(b)(4)(ii), not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies, except to admit the existence of the cited regulation, to which the Court is referred for a full and accurate statement of its contents.

37.   Denies the first sentence, except to admit that the Secretary's policy prior to January 20, 2000 was to not include section 1115 expansion population days in the numerator of the Medicaid fraction of the Medicare DSH calculation.   The second and third sentences of this

paragraph contain Plaintiffs' characterizations of Transmittal No. A-99-62, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies, except to admit the existence of the cited Transmittal, to which the Court is referred for a full and accurate statement of its contents.

38. Denies the first sentence, except to admit that the intermediary did not include section 1115 expansion population days in the numerator of the Medicaid fraction of the Medicare DSH calculation. Denies the second sentence, except to admit that, effective January 20, 2000, the Secretary's policy is to include section 1115 expansion population days in the numerator of the Medicaid fraction of the Medicare DSH calculation. Denies the third sentence.

39. The first sentence of this paragraph sets forth Plaintiffs' legal conclusions to which no response is deemed to be required. The second sentence of this paragraph contains Plaintiffs' characterizations of administrative appeals, not allegations of fact, and thus no response is required. Denies the third sentence, except to admit that Baptist Memorial Hospital–Union City did not qualify for a Medicare DSH adjustment.

40. Admits the existence of the referenced letter, to which the Court is referred for a full and accurate statement of its contents. See Certified Administrative Record ("A.R.") at 4-72.

41. Admits the existence of the referenced letters, to which the Court is referred for a full and accurate statement of their contents. See A.R. at 1-3, 80-83, 231-34, and 441-43.

42. This paragraph sets forth Plaintiffs' legal conclusions to which no response is deemed to be required.

43. Denies.

44. The first and second sentences of this paragraph contain conclusions of law and Plaintiffs' characterization of the Medicare statute, not allegations of fact, and thus no response is required. Denies the third and fourth sentences.

45. Admits that CMS approved the State of Tennessee's State plan under Title XIX of the Social Security Act. The remainder of this paragraph contains conclusions of law, not allegations of fact, and thus response is required; to the extent a response is deemed necessary, denies.

46-47. Denies.

48. This paragraph set forth Plaintiffs' legal conclusions to which no response is deemed to be required.

49. Denies the first and fifth sentences of this paragraph. The second, third, and fourth sentences of this paragraph contain Plaintiffs' characterizations of the Medicare statute, not allegations of fact, and thus no response is required.

50-51. Denies.

52. This paragraph contains conclusions of law, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies that the Medicare statute requires the inclusion of section 1115 expansion population days in the numerator of the Medicaid fraction of the Medicare DSH calculation.

53-54. Denies.

The remainder of the Complaint contains Plaintiffs' Prayer for Relief to which no response is deemed to be required; to the extent a response is deemed necessary, denies that Plaintiffs are entitled to the relief requested in the Prayer for Relief, or to any relief whatsoever.

The Secretary specifically denies all allegations in Plaintiffs' Complaint not otherwise answered or qualified herein.

Respectfully submitted,

_____/s/_____

KENNETH L. WAINSTEIN
United States Attorney
D.C. Bar No. 451058

_____/s/_____

PETER S. SMITH
Assistant United States Attorney
D.C. Bar No. 465131
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 307-0372/FAX: (202) 514-8780

DAVID HOSKINS
U.S. Department of Health and Human Services
Office of the General Counsel
Centers for Medicare & Medicaid Services Division
330 Independence Ave., S.W., Room 5309
Washington, D.C. 20201

Attorneys for Defendant,
Michael O. Leavitt,
Secretary of Health and Human Services

11